UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80010-CIV-SINGHAL

ANN M. JOHNSON,

    Plaintiff,

v.

FLOOR AND DECOR OUTLETS OF
AMERICA, INC., and PAUL GALLAGHER,

    Defendants.
_____/

**ORDER GRANTING DEFENDANT GALLAGHER'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR REMAND**

**THIS CAUSE** is before the Court upon Defendant Paul Gallagher's Motion to Dismiss Defendant Gallagher from the action (DE [4]), filed on January 6, 2023 ("Def.'s Mot."), and Plaintiff Ann M. Johnson's Motion to Remand (DE [11]), filed on January 13, 2023 ("Pl.'s Mot."). Plaintiff filed her Response in Opposition to Defendant's Motion to Dismiss on January 13, 2023 (DE [12]) ("Pl.'s Opp."). Defendant Gallagher then filed a Reply in support of his Motion on January 20, 2023 (DE [13]) ("Def.'s Reply"). Defendants Floor and Decor Outlets of America, together with Gallagher, filed a Response in Opposition to Plaintiff's Motion for Remand (DE [14]) on January 27, 2023 ("Defs.' Opp."). Plaintiff did not file any Reply in support of her Motion. The Motions are ripe for this Court's consideration.

**I.    BACKGROUND**

This case arises from a personal injury allegedly sustained by Plaintiff Ann M. Johnson ("Plaintiff") inside of a store owned by Defendant Floor and Decor Outlets of America, Inc. ("Defendant" or "Floor & Decor"). Plaintiff alleges that, during a trip to the

store on January 27, 2022, a large sign attached to the wall with tape fell, struck her on her right shoulder, and resulted in injuries requiring surgery. *See* (Plaintiff's State Court Complaint ("Compl.") (DE [1-1] at ¶¶ 6, 15)). On December 2, 2022, Plaintiff filed a two-count complaint alleging negligence against Floor & Decor and its store manager, Paul Gallagher ("Gallagher" or "Defendant" and collectively, with Floor and Decor, "Defendants"), in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. *See id.* On January 5, 2023, Defendants removed the action on the basis of fraudulent joinder, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Federal Rule of Civil Procedure 81(c). Defendants allege that Plaintiff added Gallagher to the action for the sole purpose of defeating diversity jurisdiction. *See* (Defendants' Notice of Removal (DE [1] at ¶ 6)). On January 6, 2023, Gallagher moved to dismiss himself from the instant action. On January 13, 2023, Plaintiff filed a Motion to Remand in which she denies fraudulent joinder and asks this Court to send the case back to state court. This Court appreciates that its ruling on Defendant Gallagher's Motion to Dismiss bears on Plaintiff's Motion to Remand and, as such, considers both Motions together.

## II. **LEGAL STANDARDS**

### a. Motion for Remand

Federal courts are courts of limited jurisdiction, with the power to hear only cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994). A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction of cases only when a controversy involves either a question of federal law or "where the amount in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. §§ 1331–1332(a)(1).  "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

The party that removes a state court action to federal court "bears the burden of proving that federal jurisdiction exists."  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  When a court evaluates "whether the particular factual circumstances of a case give rise to removal jurisdiction, '[it] strictly construe[s] the right to remove' and appl[ies] a general 'presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.'"  *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013).

When a case is removed based on diversity jurisdiction, as this case was, the case must be remanded to state court if there is not complete diversity between the parties, or one of the defendants is a citizen of the state in which the suit is filed, § 1441(b)."  *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (citations omitted).  "However, '[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court.'"  *Id.* (quoting *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)).  In such a case, the addition of the non-diverse defendant is considered a "fraudulent joinder."

The Eleventh Circuit has held that "[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted

by the parties." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (emphasis in original) (quoting *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)). The procedure used to resolve a claim of fraudulent joinder "is similar to that used for ruling on a motion for summary judgment under [Federal Rule of Civil Procedure] 56(b)." *Id.* at 1322–23 (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)) (additional citations omitted). All questions of fact must be resolved in favor of the plaintiff. *Id.* at 1323 (quoting *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)). However, when the defendants have submitted affidavits that are undisputed by the plaintiff, the court cannot resolve facts in the plaintiff's favor based solely on the unsupported allegations in the plaintiff's complaint. *See Legg*, 428 F.3d at 1333.

To establish fraudulent joinder, "the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Stillwell*, 663 F.3d at 1332 (quoting *Crowe*, 113 F.3d at 1538)). "To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Stillwell*, 663 F.3d at 1333 (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir.1983), (superseded by statute on other

grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993))).

    b. <u>Motion to Dismiss</u>

At the pleading stage, Plaintiff's complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions . . . a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

The standard for evaluating fraudulent joinder "differs from the standard applicable to a 12(b)(6) motion to dismiss." *Stillwell*, 663 F.3d at 1333. That plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. In contrast, all that is required to defeat a fraudulent joinder claim is a possibility of stating a valid cause of action." *Id.* (cleaned up).

### III.  DISCUSSION

Plaintiff's Motion for Remand (DE [11]) and Defendant Gallagher's Motion to Dismiss (DE [4]) require this Court to consider two questions: (1) whether Defendant Gallagher could be liable under Florida law for Plaintiff's injuries based upon Plaintiff's Complaint; and, if yes, (2) whether Plaintiff has stated a negligence claim sufficient to survive Defendant's 12(b)(6) Motion to Dismiss.

Plaintiff alleges that, as store manager, Gallagher owed a duty to maintain the store in a reasonably safe condition and to inspect the premises to identify any potentially hazardous conditions. *See* (Compl. (DE [1-1] at ¶¶ 11–12; ¶¶ 32–33)). Plaintiff maintains that Gallagher breached these duties in several ways, including by "negligently causing or permitting the sign to be improperly secured to the wall," "failing to adequately warn the public" regarding the defective conditions, and "failing to have in place adequate procedures to discover defective and/or dangerous conditions." *Id.* at ¶ 33. Plaintiff further contends that this breach was the proximate cause of Plaintiff's injuries and that Gallagher "knew or should have known that the sign in question was improperly secured to the wall, which created a dangerous condition." *Id.* at ¶ 29; ¶¶ 33–34.

In their Notice of Removal, Defendants argue that there is no possibility that Plaintiff can state a negligence claim against Gallagher where he was not "actively

negligent and had no personal involvement in Plaintiff's incident." (DE [1] at ¶ 15). In Gallagher's Motion to Dismiss, he argues that Plaintiff's negligence claim against him fails where (i) he cannot be held liable solely upon his employment with Floor & Decor; (ii) Plaintiff failed to allege that he was actively negligent; and (iii) the Complaint does not allege that he personally breached a duty owed to Plaintiff. *See* (DE [4] at 3–7). As such, Defendant requests this Court to dismiss Count II and to dismiss him from the action entirely. *Id.* at 7–9. Defendants' arguments rely heavily upon Gallagher's Declaration, which they filed in conjunction with their Notice of Removal. The Declaration states, in pertinent part, that Gallagher was "not in the vicinity of the service counter" and "did not witness the alleged incident." (Gallagher Declaration ("Decl.") (DE [1-4] at ¶ 4)). Gallagher also maintains that he did not "personally participate" in any of the events preceding the incident and did not "secure, attach and/or hang the sign at issue." *Id.* at ¶¶ 5–6. In his capacity as store manager, Defendant conceded that he "visually inspect[s] the store for hazardous or dangerous conditions," but maintained that he is "not responsible for securing, attaching and/or hanging signs" and that he "was never put on notice that the sign at issue was a dangerous condition." *Id.* at ¶¶ 7–9. Defendants assert that Plaintiff fraudulently joined Gallagher solely to defeat diversity jurisdiction.

In her Motion to Remand (DE [11]]) and Opposition to Defendant's Motion to Dismiss (DE [12]), Plaintiff argues that she has sufficiently alleged a negligence claim against Gallagher. Though Plaintiff agrees that a store manager is liable only where he is actively negligent, she contends that a store manager's "failure to act under circumstances in which a reasonable person would have acted can be evidence of active negligence." (Pl. Opp. (DE [12]) at ¶ 10) (citations omitted). Finally, Plaintiff contends

that Gallagher can be found liable–notwithstanding his declaration–if Plaintiff can prove constructive notice; namely, that Gallagher should have known of the dangerous condition.

In Gallagher's Reply in support of his Motion to Dismiss (DE [13]) and in Defendants' Response to Plaintiff's Motion to Remand (DE [14]), Defendants counter that Gallagher could not possibly be found liable for negligence.  Defendants contend that Plaintiff merely parroted the same broad, conclusory allegations against Gallagher as those brought against Defendant Floor & Decor.  Defendants also note that Plaintiff did not even request damages from Defendant Gallagher.  *See* (Def. Opp. (DE [14] at 6, n. 3)).  Defendants therefore conclude that they have sufficiently evidenced fraudulent joinder and maintain that Plaintiff has failed to rebut the evidence to show a reasonable basis for her claim.  This Court agrees.

  a. <u>Defendant Gallagher Must Be Dismissed as Fraudulently Joined</u>

To prevail on her negligence claim against Gallagher, Plaintiff must prove four elements:  "(1) the existence of a duty recognized by law requiring the defendant to conform to a certain standard of conduct for the protection of others including the plaintiff; (2) a failure on the part of the defendant to perform that duty; and (3) an injury or damage to the plaintiff [(4)] proximately caused by such failure." *Kenz v. Miami-Dade Cty.*, 116 So. 3d 461, 464 (Fla. 3d DCA 2013).  In Florida, "the law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005).  Employees like Gallagher, however, are not "liable for the torts of the company simply because of the

person's position with the company." *Vesta Const. and Design, L.L.C. v. Lotspeich & Assoc., Inc.*, 974. So. 2d 1176, 1180 (Fla. 5th DCA 2008). Rather, "to establish liability, the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." *See White*, 918 So.2d at 357. A duty therefore arises only if the Gallagher is "actively negligent." *Id.* at 358.

On the record presented, this Court finds that Plaintiff cannot demonstrate that Defendant Gallagher breached a duty owed to Plaintiff. In his declaration, Gallagher states that he was not in the vicinity of the service counter when Plaintiff sustained her injuries, did not witness the incident, and had no personal involvement in the accident. *See* (Decl. (DE [1-4] at ¶¶ 4–5)). As for the defective signage, Gallagher asserts that he did not hang the sign and explicitly disclaims any responsibility for securing, attaching, or hanging signs in his role as Store Manager. *Id.* at ¶¶ 6–7. As Store Manager, Gallagher explains, he "visually inspect[s] the store for hazards," but "was never put on notice that the sign at issue was a dangerous condition." *Id.* at ¶¶ 8–9. Plaintiff does not rebut Gallagher's declaration and instead relies on the unsupported allegations in her Complaint. In so doing, Plaintiff has left undisputed that Gallagher had no personal involvement in the accident.

In line with other cases from this Court, Plaintiff cannot establish that Defendant Gallagher breached a duty owed to Plaintiff. In *Petigny v. Wal-Mart Stores East, L.P.*, this Court found that a plaintiff fraudulently joined two store managers, including an *in abstentia* claim and another negligence claim of a manager who was on premises, but not in the vicinity of, the alleged incident. 2018 WL 5983506, at *2 (S.D. Fla. Nov. 14,

2018).  There too, Defendants submitted affidavits disclaiming their knowledge of the dangerous condition and any involvement in the accident.  *See id.*  Upon review, this Court determined that, "because Plaintiff has not submitted any evidence to the contrary, there is no question of fact to resolve."  *Id.*; *see Scipione v. Advance Stores Co.*, 2012 WL 3105199, *4 (M.D. Fla. July 31, 2012) (denying plaintiff's motion to remand and noting same).  The cases cited by Plaintiff do not indicate anything to the contrary.  In *Angel v. Target Corporation*, for example, this Court granted the plaintiff's motions for leave to amend and to remand where Plaintiff "specifically allege[d] that [defendant store manager] *personally* failed to arrange the signs properly and that he *personally* failed to conduct . . . periodic inspections."  2021 WL 1380161, at *5 (S.D. Fla. April 13, 2021) (emphasis in original).  In contrast, Plaintiff does not allege that Gallagher *personally* failed in any of his alleged responsibilities.  Instead, Plaintiff merely mirrors her allegations against Gallagher to those asserted against Floor & Decor.

Plaintiff's argument that Defendant Gallagher had constructive notice of the defective signage is equally unavailing.  Plaintiff relies on *Krobatsch v. Target Corp.*, No. 20-81552-CIV, 2020 WL 6375175, at *4 (S.D. Fla. Oct. 30, 2020), to argue that Gallagher could still be "actively negligent," and owe a duty to Plaintiff, where he had constructive notice of the defective signage.  In *Krobatsch*, this Court rejected the defendants' fraudulent joinder arguments because the manager-defendant could have been liable for negligence based upon constructive notice.  *Id.*  There, this Court determined that the defendant's declaration conflated "actual notice" with "active negligence" and completely disregarded the requirement of constructive notice.  *See id.*  Specifically, the *Krobatsch* defendant's declaration did not say "what (if anything) his duties required him to do–or

what protocols he was obliged to implement" before the hazardous condition (in that case, a slip and fall), arose. *Id.* Here, however, Gallagher's declaration specifically explains that he is "not responsible for securing, attaching, and/or hanging signs." (Decl. (DE [1-4] at ¶ 6). Although, as Plaintiff notes, Gallagher "visually inspect[s] the store for hazards or dangerous conditions," he continues that he "was never put on notice that the sign at issue was a dangerous condition." *Id.* at ¶¶ 8–9. Absent any rebuttal from Plaintiff, this Court finds that Defendant sufficiently foreclosed constructive notice *and* actual notice in his declaration. Defendant Gallagher has therefore met his high burden of showing that Plaintiff could not possibly bring a negligence claim against him.

## IV. CONCLUSION

Accordingly, upon consideration of the Motions, the record, and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that Defendant Gallagher's Motion to Dismiss (DE [4]) is **GRANTED** and Plaintiff's Motion for Remand (DE [11]) is **DENIED.** Count II of Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** as to Defendant Gallagher and the Clerk of Court is instructed to **TERMINATE** Defendant Paul Gallagher as a party to this case.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of May 2023.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF